IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                                            No. 04-40094-01-SAC

JOHNNY LEE ANDERSON, JR.,

        Defendant.


MEMORANDUM AND ORDER

This case comes before the court on two motions in limine filed by defendant, and one filed by the government.

**Defendant's motion regarding prior convictions and incident**

Defendant asks the court to preclude the government from offering evidence of defendant's prior convictions, alleging they are inadmissible because they bear no similarity to the charged offenses.  Defendant fails to indicate the nature or number of his prior convictions.  Nonetheless, the government stated at the status conference that it has no intention of offering such evidence, and does not oppose defendant's motion.  Accordingly, this motion shall be granted as unopposed.

Defendant additionally asks the court to preclude the government from

offering evidence of an uncharged incident which occurred on June 5, 2003, during which defendant allegedly made incriminatory statements.  The court grants this motion as unopposed.

**Defendant's motion regarding transcripts**

Defendant next seeks to preclude the government or its agents from introducing transcripts of an audio recording that contain the statement: "Sounds like money being counted."  Defendant alleges that this is an improper editorial comment, constitutes inadmissible speculation, infringes on the province of the jury to determine what it hears on the tape recording, and is more prejudicial than probative.

The government has filed no response to this motion, so the court grants it as unopposed.  This statement shall be redacted from any transcript used in court.

**Government's motion in limine**

The government asks the court for an order precluding the defendant from offering, pursuant to Fed. R. Evid. 609, evidence of the criminal convictions of Lester Campbell, a proposed witness for the government.  The government asserts that this witness has the following convictions:

(1) theft under five-hundred dollars, a misdemeanor offense,

2

on August 15, 1991, in the District Court of Shawnee County, Kansas, case
number 91-CR-1499;
(2) criminal damage to property under five-hundred
dollars, a misdemeanor offense, on March 3, 1993, in the District Court of
Shawnee County, Kansas, case number 91-CR-1696;
(3) failure to appear, a misdemeanor offense, on March 3,
1993, in the District Court of Shawnee County, Kansas, case number
92-CR-280;
(4) theft under five-hundred dollars, a misdemeanor offense,
on September 22, 1999, in the District Court of Shawnee County, Kansas,
case number 99-CR-2168.

Rule 609(a), which governs the use of prior convictions for persons

other than the defendant on cross-examination, provides:

For the purpose of attacking the credibility of a witness, (1) evidence that a
witness other than an accused has been convicted of a crime shall be
admitted, subject to Rule 403, if the crime was punishable by death or
imprisonment in excess of one year ...; and (2) evidence that any witness has
been convicted of a crime shall be admitted if it involved dishonesty or false
statement, regardless of the punishment.

Fed. R. Evid. 609(a).  Because each of Campbell's convictions was for a

misdemeanor offense, and none is alleged to have carried a penalty of more than

one year, his convictions are not admissible pursuant to Rule 609 (a)(1).

Defendant contends that some of these convictions are admissible

pursuant to subsection (a)(2) of the rule.  Specifically, defendant asserts that one

theft conviction was for stealing from his employer, which is an abuse of a position

of trust.  His failure to appear is alleged to involve deceit and the making of a false

3

statement because he made bond, promised to appear in court, then fled the

jurisdiction.  No cases are cited in support of the contention that either of these

events constitutes a crime of "dishonesty and false statement" as recognized in this

jurisdiction.

The Tenth Circuit narrowly defines the term "dishonesty and false

statement" as used in Rule 609(a)(2).  *United States v. Mejia-Alarcon*, 995 F.2d

982 (10th Cir.1993).  The Tenth Circuit reviewed the law applicable to Rule

609(a)(2) in stating:

> By the phrase "dishonesty and false statement" the Conference means crimes
> such as perjury or subordination of perjury, false statement, criminal fraud,
> embezzlement, or false pretense, or any other offense in the nature of crimen
> falsi, the commission of which involves some element of deceit,
> untruthfulness, or falsification bearing on the accused's propensity to testify
> truthfully....
> Thus, relying on the Conference Committee Report, we have held that to be
> admissible under Rule 609(a)(2), the prior conviction must involve "some
> element of deceit, untruthfulness, or falsification which would tend to show
> that an accused would be likely to testify untruthfully." *United States v.
> Seamster*, 568 F.2d 188, 190 (10th Cir. 1978).

*United States v. Mejia-Alarcon*, 995F.2d at 988-89.

Although theft is not per se a crime of dishonesty or false statement

within the meaning of those terms in Rule 609, in certain factual situations it may

still fall within the purview of Rule 609(a)(2).  *See, e.g., Mejia-Alarcon*, 995 F.2d at

989-90 ("[W]e have suggested that the trial court may look beyond the elements of

4

an offense that is not considered a per se crime of dishonesty to determine whether the particular conviction rested upon facts establishing dishonesty or false statement."). *United States v. Dunson*, 142 F.3d 1213, 1215 (10th Cir. 1998).

Here, it is defendant's burden to show that Mr. Campbell's crimes of theft involved dishonesty or false statement. Campbell's conviction of theft on September 22, 1999, in the District Court of Shawnee County, Kansas, case number 99-2168, as evidenced from the complaint and its accompanying affidavit, arose from his taking a sander from an office, and does not appear to involve dishonesty or false statement. The other theft conviction arose from Campbell's taking a "cash box" upon being fired from his job. No underlying act of deceit can be readily determined from the complaint, or from the facts presented to the court. Nor is the court persuaded that Campbell's conviction of failure to appear is the kind of crime encompassed within the narrow interpretation of subsection (a)(2) by the Tenth Circuit. Accordingly, testimony of these convictions is not admissible under 609(a)(2).

Defense counsel additionally states her intent to use evidence of Campbell's prior convictions to prove he committed perjury during preliminary hearings in other state court cases. Defendant contends that Campbell committed perjury when asked if he had convictions other than theft, and he twice replied,

"That's about it."  Campbell also testified that he had a burglary conviction

"probably in Shawnee County," but in fact, an arrest warrant is outstanding for him

in New York on burglary charges and he has never been convicted of burglary.

Defense counsel does not suggest that Campbell has been convicted of

perjury, but instead tacitly invites the court to have the jury in the present case make

that determination.  Even were this permissible under some rule not cited by

defendant or know to the court, the court would conduct a Rule 403 balancing test

and find that the probative value of this testimony is substantially outweighed by its

prejudicial effect and its potential to confuse or mislead the jury.  Accordingly, the

government's motion in limine shall be granted.

IT IS THEREFORE ORDERED that defendant's motions in limine

(Dk. 38 & 42) are granted as unopposed, and that the government's motion in

limine (Dk. 43) is granted.

Dated this 8th day of February, 2005, at Topeka, Kansas.


s/ Sam A. Crow_____
                    Sam A. Crow, U.S. District Senior Judge

6