IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                   No.  04-40094-01-SAC

JOHNNY LEE ANDERSON, JR.,

           Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's renewed motion for release on bond.  (Dk. 77).  On February 9, 2005, the defendant pleaded guilty to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), an offense that carries a maximum sentence of twenty years of imprisonment.  The Presentence Report ("PSR") prepared in this case recommends a Guideline Range of 151 to 188 months based on the defendant being a "career offender" under the Sentencing Guidelines.  In May of 2005, the court filed an order that denied the defendant's unresolved objections to the PSR and that included the finding that "the defendant has earned the title of 'career offender' and that a sentence within

those recommended guideline provisions is appropriate." (Dk. 64, p. 6).[1]

In his motion, the defendant concedes his release pursuant to 18 U.S.C. § 3143(a) would not be authorized, as he has pleaded guilty to an offense described in 18 U.S.C. § 3142(f)(1)(C) and the exceptions in § 3143(a)(2) are inapplicable to him. The defendant argues for his release under the alternative provision of 18 U.S.C. § 3145(c). Under this provision, a defendant must meet first the requirements of § 3143(a)(1), clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other person or the community if released," and then "clearly show[] that there are exceptional reasons why . . . [his] detention would not be appropriate," 18 U.S.C. § 3145(c).

The defendant has not proffered clear and convincing proof that he would not pose a danger to the community if released. The defendant's extensive and violent criminal history as outlined in the PSR and discussed in the court's prior order shows the defendant would pose a serious danger to the community. Nor has the defendant come forth with a clearly shown exceptional reason for his

---

[1] The order summarizes the defendant's extensive criminal past and highlights the following: "For the fifteen years prior to arrest here, the defendant spent most of it, over ten years, incarcerated. His prior convictions involved violent conduct and weapons. He violated parole numerous times. His criminal history and arrest record shows repeated involvement with controlled substances and weapons." (Dk. 64, p. 6).

detention being inappropriate. His father's ill health and the possibility of his father dying before the defendant is released from prison is certainly a regrettable and emotional circumstance, but it is not unlike the other sorrowful and painful family circumstances often accompanying criminal cases. The court is not persuaded that the defendant has clearly shown an exceptional reason making his detention inappropriate.

IT IS THEREFORE ORDERED that the defendant's renewed motion for release on bond (Dk. 77) is denied.

Dated this 16th day of November, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge