IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                  No.  04-40094-01-SAC

JOHNNY LEE ANDERSON, JR.,

                Defendant.

**SENTENCING FINDINGS**

On May 11, 2005, the court filed its findings and statement of reasons for the sentencing hearing scheduled for May 17, 2005. (Dk. 64). At the defendant's request, that sentencing hearing and several more subsequently scheduled have been continued. The sentencing hearing is now set for January 19, 2006. The defendant has filed a supplemental sentencing memorandum in which he renews an objection that the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), changed the definition of "offense statutory maximum" as that term is used in the career offender guideline provision at § 4B1.1(b). According to the defendant, this term no longer means the maximum term of

imprisonment statutorily authorized for the offense of conviction, but rather means as was discussed in *Blakely* and *Booker* "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S. Ct. at 2537; *Booker*, 125 S. Ct. at 749. In short, the defendant objects that the presentence report incorrectly applies the career offender guideline.

The defendant does not cite any precedent holding that *Blakely* and *Booker* changed the definition of "offense statutory maximum" found in § 4B1.1. Nor does the defendant offer any cogent arguments for extending the Supreme Court decisions in this way. The arguments against the defendant are plain and prevailing.

The defendant's proposed definition of "offense statutory maximum" would nullify the operation of § 4B1.1 in this case and in most other cases. If the maximum calculated guideline range on the facts as admitted by the defendant is used, the defendant's base offense level under § 4B1.1 is 24 which is lower than the base offense level otherwise applicable. A quick comparison of the sentencing table in the guidelines with the offense level ranges appearing in § 4B1.1 shows the defendant's positive result would not be an aberration using the defendant's definition of "offense statutory maximum." Thus, § 4B1.1 would no longer assure

that career offenders receive sentences near the maximum terms authorized by statute.  *See United States v. LaBonte*, 520 U.S. 751, 753-54 (1997) (explaining that the Sentencing Commission was implementing 28 U.S.C. § 994(h) "by promulgating the 'Career Offender Guideline,' which created a table of enhanced total offense levels to be used in calculating sentences for 'career offenders.'  . . . [The Guideline] assigns the appropriate offense level based on the so-called 'offense statutory maximum.'").

"[T]he *Booker* and *Blakely* definition of 'statutory maximum' has always been qualified with the phrase 'for *Apprendi* purposes,' and has only been applied in sentencing guideline cases."  *United States v. Green*, 405 F.3d 1180, 1192 (10th Cir. 2005).  "Offense statutory maximum" as used in § 4B1.1 does not implicate *Apprendi* purposes.  The career offender provisions operate on the basis of prior convictions, and the Tenth Circuit has "consistently held that the rule of *Apprendi* and *Blakely* does not apply to sentencing determinations based upon prior convictions."  *United States v. Gamble,* 130 Fed. Appx. 941, 943, 2005 WL 1009736, at *2 (10th Cir.), *cert. denied*, 126 S. Ct. 244 (2005); *see United States v. Moore*, 401 F.3d 1220, 1223, 1225 (10th Cir. 2005) ("*Apprendi's* reason for excepting prior convictions remains as valid after *Booker* as it was before.") ; *United States v. Cooper*, 375 F.3d 1041, 1052 n.3 (10th Cir.), *cert. denied*, 125 S.

Ct. 634 (2004).  The court rejects the defendant's attempt to bypass the prior conviction exception by changing the definition of "offense statutory maximum" in § 4B1.1.

Application note two in § 4B1.1 defines "offense statutory maximum" as "the maximum term of imprisonment authorized for the offense of conviction." The same note gives as an example the statutory maximum term of imprisonment appearing in 21 U.S.C. § 841(b)(1)(C) as impacted by one or more qualifying prior drug convictions without mentioning any maximum term based on guideline calculations.  The Supreme Court in *LaBonte* observed:

> In § 994(h), Congress directed the Commission to "assure" that for adult offenders who commit their third felony drug offense or crime of violence, the Guidelines prescribe a sentence of imprisonment "at or near the maximum term authorized." 28 U.S.C. § 994(h). . . . We similarly conclude, and the parties do not dispute, that the phrase "term authorized" refers not to the period of incarceration specified by the Guidelines, but to that permitted by the applicable sentencing statutes.  Accordingly, the phrase "maximum term authorized" should be construed as requiring the "highest" or "greatest" sentence allowed by statute.

520 U.S. at 757-58 (footnote omitted).  The Court in *LaBonte* construed § 4B1.1 consistent with its interpretation of § 994(h).  Nothing in *Blakely* or *Booker* indicates an intent to overturn the holding in *LaBonte*.

IT IS THEREFORE ORDERED that the defendant's objection to the presentence report is denied.

Dated this 18th day of January, 2006, Topeka, Kansas.

s/ Sam A. Crow

Sam A. Crow, U.S. District Senior Judge